**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRENE JACKSON,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**THE STOP & SHOP SUPERMARKET COMPANY, LLC.,** *et al.*<br><br>Defendants. | Civil Action No. 24-5431 (ZNQ) (JBD)<br><br>**OPINION** |

**QURAISHI, District Judge**

     **THIS MATTER** comes before the Court upon Plaintiffs' Irene and William Jackson (collectively, "Plaintiffs") Motion for Remand. (ECF No. 5.) Plaintiffs submitted a Brief in support of their Motion and various exhibits. ("Moving Br.," ECF No. 5-9.) Defendant The Stop & Shop Supermarket Company, LLC ("Stop & Shop" or "Defendant") filed a Brief in Opposition with exhibits. ("Opp'n Br.," ECF No. 6.) Plaintiffs did not file a reply. The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** the Motion.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

     Plaintiffs filed their initial Complaint on October 18, 2023 in New Jersey Superior Court. ("Compl.," ECF No. 5-3.) As alleged in the Complaint, Plaintiff Irene Jackson was injured by Stop & Shop's negligence when they failed to keep their premises free from hazards and dangerous

1

conditions, causing Plaintiff to slip and fall and sustain personal injuries. (*Id.* ¶¶ 3-5; Certification of Counsel, ECF No. 5-2.) Pursuant to New Jersey Court Rule 4:5-2, the Complaint does not specify how much in damages Plaintiffs are seeking, nor does it specify any injury as to Plaintiff William Jackson. Defendant was served with process on October 30, 2023, (ECF No. 5-4), and filed an Answer to the Complaint on November 30, 2023. (Ex. C, ECF No. 5-5.)

On April 2, 2024, during discovery, Plaintiff answered a Form A interrogatory explaining that her total medical bills exceeded $102,376.41. (ECF No. 6-2.) More specifically, in response to a question on the Form A interrogatory asking for a complete and detailed list of all moneys expended or expenses incurred, Plaintiff listed in detail her medical expenses. (*Id.*) Because Plaintiffs were seeking damages beyond $75,000, on April 22, 2024, Defendant removed the case to federal court under 28 U.S.C. § 1441. (ECF No. 1.)

Plaintiffs argue that this matter should be remanded to state court because Defendant's Notice of Removal was untimely. (Moving Br. at 3.) According to Plaintiffs, the Notice of Removal was untimely because (1) Defendant was served with process on October 30, 2023 and had thirty days from that date to remove, and (2) there is diversity between the parties and Defendant should have known of the applicability of 28 U.S.C. § 1332. (*Id.*) More specifically, Plaintiffs contend that New Jersey Court Rule 4:5-2 mandates that plaintiffs may not request a specific amount of damages in their Complaint and that because Defendant could have reasonably and intelligently concluded that the amount in controversy would exceed the jurisdictional threshold, Defendant should have removed within thirty days of service of process. (*Id.* at 4.) Thus, according to Plaintiffs, a "reasonable reading of the allegations in the Complaint definitively placed Defendant on notice that the case was removable when Defendant received the pleading," especially in light of its knowledge of Plaintiff Irene Jackson's injuries. (*Id.* at 5.)

Defendant maintains that its removal was timely under 28 U.S.C. § 1446 because it is permitted under that statute to remove within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Opp'n Br. at 5 (quoting 28 U.S.C. § 1446(b)(3))). Defendant argues that because the Complaint lacks specific facts regarding damages, it did not become aware that Plaintiffs' claims were to exceed the jurisdictional limit until after receiving the responses to the Form A interrogatories. (*Id.* (relying on *Riconda v. US Foods, Inc.*, Civ. No 19-1111, 2019 WL 1974831, at *1 (D.N.J. May 3, 2019))).

## II.   **LEGAL STANDARD**

The federal removal statute permits a defendant to remove a civil action from state court to federal court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking." 28 U.S.C. § 1447(c); *Costa v. Verizon N.J., Inc.*, 938 F. Supp. 2d 455, 458 (D.N.J. 2013). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard. Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

28 U.S.C. § 1332(a)(1) provides that the United States District Court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Where it appears that the plaintiff is demanding in excess of $75,000, that will be treated as the amount in controversy, unless it "appears to a legal certainty that the plaintiff cannot recover

3

the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

Typically, "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Where a complaint is open ended and does not allege a specified amount, as is the case here, the district court is instructed to perform its own "independent appraisal of the value of the claim." *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993). When conducting this appraisal, a court should examine the facts and claims alleged within the filings. *See Frederico*, 507 F.3d at 197 (explaining that "to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court"). Critically, a "fact-bare" state court complaint with unspecified damages creates speculation, which this district has found insufficient for a defendant to establish the amount in controversy for removal. *See Scott v. Wal-Mart Stores Inc.*, Civ. No. 13-6220, 2013 WL 5774111, at *1 (D.N.J. Oct. 23, 2013).

Moreover, when a Complaint does not specify the amount of damages a plaintiff is seeking, district courts in New Jersey have applied two approaches to determining whether the jurisdictional limit is satisfied for purposes of diversity jurisdiction. *Buchanan v. Lott*, 255 F. Supp. 2d 326, 329–30 (D.N.J. 2003); *Worldwide Exec. Job Search Sols., LLC v. N. Bridge Grp.*, Civ. No. 17-1907, 2017 WL 5762392, at *2 (D.N.J. Nov. 27, 2017). Under the first "bright-line" approach, "if a Complaint does not plead specific damages, and does not otherwise make clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Id.* (citing *Vartanian v. Terzian*, 960 F. Supp. 58, 61–62 (D.N.J. 1999)). Under the second

"subjective-inquiry" approach, the court will consider whether, although the complaint does not quantify damages, the defendant "can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

### III. DISCUSSION

As a threshold matter, it is undisputed that the parties are diverse. (*See* Moving Br. at 3 ("Plaintiffs do not dispute there appears to be diversity jurisdiction.")). Defendant's sole member is a Delaware corporation with its principal place of business in Massachusetts, ("Notice of Removal," ECF No. 1), and Plaintiffs reside in Middlesex County, New Jersey. (Compl.) The crux of the debate is whether Defendant's Notice of Removal was timely given that they were arguably "placed . . . on notice" that the case was removable upon receiving the Complaint. (Moving Br. at 5.)

The Court has independently reviewed the Complaint and finds that it does not quantify the amount of damages Plaintiffs are seeking. Moreover, the Complaint is bare of facts to show whether Plaintiffs would meet the jurisdictional limit of 28 U.S.C. § 1332. Based on its own review of the Complaint, the Court is therefore persuaded that Defendant lacked an adequate basis for removal on October 30, 2023 when it was served with the Complaint. It was not until April 2, 2024, after receiving responses to the Form A interrogatory that Defendant discovered how much Plaintiffs might be seeking and how much they owed in medical expenses. Under 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*.

5

(emphasis added). Plaintiffs' responses to the Form A interrogatory constitute the "other paper" under the statute. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), Defendant had thirty days from April 2, 2024 to remove this case. Therefore, its removal on April 22, 2024 was timely.

To be clear, the Court finds that Defendant's Notice of Removal was also timely under the "subjective inquiry" approach explained in *Worldwide Executive Job Search Solutions.*, Civ. No. 17-1907, 2017 WL 5762392, at *2. The Complaint does not allege the injuries that Plaintiff Irene Jackson suffered. Accordingly, there was no way for Defendant to know—much less infer—the measure of damages that Plaintiffs were seeking.

Based on the foregoing, the Court concludes Defendant's Notice of Removal was timely and properly brought under 28 U.S.C. § 1446(b)(3).

## IV.  CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiffs' Motion to Remand. An appropriate Order will follow.


Date: December 2, 2024

                                            s/ Zahid N. Quraishi
                                            **ZAHID N. QURAISHI**
                                            **UNITED STATES DISTRICT JUDGE**